■ In the Matter of ALVIN GOLDSTEIN, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, Appellant. — Order and judgment (one paper) of the Supreme Court, New York County (Lane, J.) entered August 25, 1980, modified on the law to reverse the vacatur of the commissioner's determination denying a pistol permit to petitioner, to remand the matter to the commissioner for rehearing, and otherwise affirmed, without costs, all without prejudice to the right of petitioner to make a new application for such a pistol permit. Goldstein, the petitioner herein, is the publisher of Milky Way Productions, Inc. Milky Way has its office at 116 West 14th Street, New York City. Among the publications issued by it is "Screw Magazine". In June, 1978 Goldstein applied for a pistol permit "to have and carry concealed, without regard to employment or place of possession". (Penal Law, § 400.00, subd 2, par [e]). The formal interview and investigation followed, with a denial of the permit based upon "insufficient need, circumstances of arrest, question-able moral character". Goldstein demanded an administrative hearing which disclosed that, in addition to the publishing of "Screw Magazine" Milky Way was the producer of an X-rated cable television program called "Midnight Blue"; that Goldstein had been arrested on a number of occasions and charged with misdemeanors in connection with the publication of "Screw Magazine" which resulted in convictions for which he was fined. Additionally, he had been acquitted of a Federal felony charge of conspiracy to send obscene materials

through the United States mail; that he and members of his family had been threatened with death on various occasions and that he was a controversial figure who published a controversial magazine which had involved him in libel suits and other legal proceedings. Additionally, Goldstein testified that Milky Way's office was located in a "high crime" area and his advertisers, who frequently came to his office, were a seedy lot — "pimps and hookers" — and that both he and Milky Way handled a substantial amount of cash — approximately $2,000 per week. The result of the administrative hearing was a denial of the pistol permit for "insufficient need". This proceeding followed. In his petition Goldstein, in addition to contending that the ruling of the commissioner was arbitrary and capricious, alleged that his constitutional rights to equal protection had been violated by discriminatory enforcement of the law *(Yick Wo v Hopkins,* 118 US 356; *Matter of 303 West 42nd St. Corp. v Klein,* 46 NY2d 686). He sought four types of relief: (1) vacatur of the determination denying to him a license to have and carry a concealed weapon; (2) a direction to the commissioner to issue such license to him; (3) copies of all written standards setting forth proper cause for the issuance of a license under section 400.00 (subd 2, par [e]) of the Penal Law; and finally, (4) discovery of the application for and license file for each person granted a pistol permit in specified precincts. Special Term granted the two discovery items, although it limited them appropriately. As to the first two items of relief, it vacated the determination of the commissioner and remanded the matter back to him for a new hearing. With respect to the two discovery items we are in agreement that the ruling of Special Term was correct. This information is necessary if Goldstein is to be afforded the opportunity to prove discrimination in the enforcement of the licensing provision. While it may be argued that the provision permitting Goldstein to inspect and copy at his "own expense, the carry pistol permit applications which were granted in the 6th Police Precinct from January 1, 1975 through May 1, 1980" is unnecessary since these are *public* records *(Matter of Kwitny v McGuire,* 53 NY2d 968) and thus available to him under the Freedom of Information Act (Public Officers Law, art 6); at worst, it does no harm and may, at best, render unnecessary a separate and independent proceeding. Although petitioner is persuasive that he sincerely feels a sense of danger from assault greater than usual for a variety of reasons, including the nature of his business and his prominence, we are unable to agree on this record that the commissioner's refusal of a permit to carry a concealed pistol was arbitrary. In any event, petitioner will have the opportunity to press his claims again by filing a new application, perhaps buttressed by whatever information may develop from the granted discovery, and if a second application should result in a similar denial, he will of course have the right to judicial review of the issues presented on the basis of a fuller record, as well as a review of his claim that denial of the requested permit represents a discriminatory enforcement of the law. Concur — Kupferman, J. P., Sandler, Lupiano, Bloom and Fein, JJ.